Day, J.
The case was submitted and disposed of on a motion to dismiss the petition in error. The facts are: On September 15, 1896, a judgment was entered against the plaintiffs in error, in favor of the defendant in error, for the sum of 1152.74, by virtue of a warrant of attorney, attached to a promissory note then due and payable, authorizing any at *451 torney at law to appear and confess a judgment, in a court of record, against the makers of the note and warrant of-attorney, and in favor of the legal holder thereof.
On March 12, 1897, within six months from the rendition of the judgment, a petition in error was tiled, with a precipe for a summons in error; but no transcript of the final record, or of the docket or journal .entries was filed, nor, was any of the original papers of the case filed until March 23, 1897, when copies of the Journal entries were placed on file. There was nothing on file within six months from the entering of the judgment, except' the petition in error. Presumably a summons in error was issued and served on the defendant, for the case got a number, was placed on the trial docket and assigned for hearing at the present term of the court; and defendant in error makes an appearance with a motion to strike the petition from the files, for the reason that a transcript of entries and the original papers were not filed in the circuit court, within six months after the rendition of the judgment in the case; and on this motion the case was submitted to the court.
An action in error, to procure the reversal of a judgment, can only be commenced within six months after the rendition of the judgment sought to be reversed; and whether the motion submitted in this case shall pre.vail, or not, depends upon the fact as to whether the plaintiffs accomplished the commencement of an action in error by the simple filing of a petition in error, without the original papers and transcripts of the record.
The statute provides how such action may be commenced, and specifically defines what must be done — what steps taken —to accomplish the commencement of an action in error. Sec. 6713, Rev. Stats., provides that the proceeding to obtain a reversal of a judgment shall be by petition in error, filed in the court having power to make the reversal, setting forth the errors complained of. Upon this petition a sum *452 mons must be issued and served; the summons' must contain a statement that a petition in error has been filed in the case. The next two sections, 6714-15, provide, when a summons in error shall, and shall not, issue. Sec. 6716, Rev. Stats., provides:
Albert Zugschwert, fox Plaintiff.
H. F. Burlcet, for Defendant.
“The plaintiff in error shall file with his petition, either a transcript of the final record, or a transcript of the docket or journal entries, with such original papers or transcripts thereof as are necessary to exhibit the error complained of, etc.”
The filing of one of these requisite things, separately from the others, within the six months time fixed and limited, will not avail to commence a proceeding in error. Either one alone, would be a vain and futile thing; as neither would exhibit to the reviewing court the error complained of. Of course, it is not necessary that the. filing be concurrent in point of time of filing; the petition might be filed on one day, the transcript on another and the original papers on still another; but it is essential that they all be on file together, within the six months; and a failure to so file all of them, is a failure to comply with the mandatory provisions of the statute; in which event no proceeding in error is commenced, and no action is procured to be pending.
Thejnotion is allowed and the petition in error is dismissed.
Price and Norris, JJ., concur.